UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KOIL DEMETROUS HOLDER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:19-cv-782(SRU) |
| BRIAN WRIGHT, et al.,<br>    Defendants. | :<br>:<br>: |

# **INITIAL REVIEW ORDER**

Koil Demetrous Holder has filed the instant civil rights action against Chief State Marshal Brian Wright and the State Marshal Commission (collectively, "Defendants"), claiming that he was injured when he fell down the stairs while in the custody of Connecticut State Marshals. Holder asserts First and Eighth Amendment claims under 42 U.S.C § 1983 against Defendants, and seeks monetary damages. For the reasons set forth below, the complaint is **dismissed** with leave to amend.

## I.   Standard of Review

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and conclusory allegations will not

suffice, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to pro se litigants).

## II.     Facts

On April 25, 2019, Connecticut State Marshals transported Holder in handcuffs and leg shackles from Corrigan-Radgowski to the New London Superior Court, Geographical Area 10, 112 Broad Street in New London, Connecticut. *See* Compl., Doc. No. 1, at 2, 4. At approximately 2:00 p.m., State Marshals Thompson and Lee Ann Vertefeuille were present with Holder at the top of a flight of stairs in the courthouse. *See id.* at 4. Holder was restrained in handcuffs and leg shackles, and was holding an envelope containing legal documents. *See id.* The area at the top of the stairs were wet, as were the stairs. *See id.* Neither Thompson nor Vertefeuille walked beside Holder as Holder descended the stairs. *See id.* Holder slipped and fell, hitting a brick wall and injuring his neck and back. *See id.* Thompson did not seek medical attention for Holder following the fall. *See id.* at 5. Instead, Thompson escorted Holder to the prison van, to be transported back to Corrigan-Radgowski. *See id.*

## III.    Discussion

### A.     State Marshal Commission

Because the State Marshal Commission does not qualify as a "person" under section 1983, I must dismiss all claims asserted against it. *See* 42 U.S.C. § 1983 ("Every person who,

suffice, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to pro se litigants).

## II.     Facts

On April 25, 2019, Connecticut State Marshals transported Holder in handcuffs and leg shackles from Corrigan-Radgowski to the New London Superior Court, Geographical Area 10, 112 Broad Street in New London, Connecticut. *See* Compl., Doc. No. 1, at 2, 4. At approximately 2:00 p.m., State Marshals Thompson and Lee Ann Vertefeuille were present with Holder at the top of a flight of stairs in the courthouse. *See id.* at 4. Holder was restrained in handcuffs and leg shackles, and was holding an envelope containing legal documents. *See id.* The area at the top of the stairs were wet, as were the stairs. *See id.* Neither Thompson nor Vertefeuille walked beside Holder as Holder descended the stairs. *See id.* Holder slipped and fell, hitting a brick wall and injuring his neck and back. *See id.* Thompson did not seek medical attention for Holder following the fall. *See id.* at 5. Instead, Thompson escorted Holder to the prison van, to be transported back to Corrigan-Radgowski. *See id.*

## III.    Discussion

### A.     State Marshal Commission

Because the State Marshal Commission does not qualify as a "person" under section 1983, I must dismiss all claims asserted against it. *See* 42 U.S.C. § 1983 ("Every person who,

under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .").

The State Marshal Commission is an entity within the Administrative Services Department. *See* Conn. Gen. Stat. § 6-38b(k) ("The [State Marshal [C]ommission shall be within the Department of Administrative Services"). The Administrative Services Department is, in turn, a department within the executive branch of the State of Connecticut. *See* Conn. Gen. Stat. 4-38c ("There shall be within the executive branch of state government the following departments: . . . Department of Administrative Services . . . .").

As an entity that is part of a department within the executive branch of Connecticut's government, the State Marshal Commission is not a person subject to liability under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63, 70–71 (1989) ("States [and] governmental entities that are considered arms of the State" are not persons within meaning of 42 U.S.C. § 1983) (internal quotation marks and citation omitted). All claims asserted against the State Marshal Commission are therefore dismissed because they lack an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

**B.  Chief Marshal Brian Wright**

I must also dismiss all claims asserted against Chief Marshal Brian Wright. A plaintiff seeking to recover money damages under section 1983 from a defendant in his or her individual capacity "must show, *inter alia*, the defendant's personal involvement in the alleged

3

constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (internal citations omitted). Thus, "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). A plaintiff may establish such personal involvement by demonstrating that:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong,
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom,
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (internal citation omitted).[1] In addition, the plaintiff must "establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo*, 770 F.3d at 116 (internal citation omitted).

In the present case, I conclude that Holder has not established that Wright was personally involved in the alleged wrong. In particular, Holder does not allege that Wright was present in the courthouse when Holder fell and injured his back and neck, nor does Holder allege that he made Wright aware or that Wright otherwise became aware of the incident or injuries. There are also no allegations suggesting that Wright created a policy under which unconstitutional conduct occurred, or that Wright was grossly negligent in supervising the marshals who were present

---

[1] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon*, 720 F.3d at 139 (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*"); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal*] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations") (internal citations and quotation

4

when Holder sustained his injuries. For those reasons, Holder has not demonstrated Wright's personal involvement in the alleged constitutional violations. All claims against Wright are therefore dismissed under 28 U.S.C. § 1915A(b)(1).

### C. State Marshals Lee Ann Vertefeuille and Thompson

Although the complaint states that State Marshal Lee Ann Vertefeuille and State Marshal Thompson failed to escort Holder down the stairs at the courthouse, and that they were present during the fall at issue, the complaint does not name those two individuals as defendants. Rather, the complaint lists both individuals as witnesses to the incident. *See* Compl., Doc. No. 1, at 9. Because the current complaint does not state a cognizable claim of deliberate indifference to Holder's safety or health against either Thompson or Vertefeuille, as set forth below, I will not construe the complaint as asserting such claims.[2]

Holder was a pretrial detainee at the time of the incident at issue; as such, his claims relating to conditions at the courthouse are governed by the Fourteenth Amendment rather than the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims are evaluated under the Due Process Clause because, [p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise."). As the *Darnell* court articulated, a pretrial detainee may establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause "by showing that the officers acted with deliberate indifference to the challenged conditions." *Id.* The Second Circuit, as well as district courts within the circuit, have applied the standard set

---

marks omitted). For purposes of this decision, it is assumed that the categories outlined in *Colon* remain valid.

[2] Although Holder also alleges that Defendants' actions amounted to a First Amendment violation, Holder has alleged no facts suggesting that Defendant infringed on Holder's freedom of speech or on any other freedoms guaranteed by the First Amendment. Accordingly, I dismiss his First Amendment claim and address below only the

forth in *Darnell* to claims alleging deliberate indifference to medical needs asserted by detainees. *See, e.g.*, *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order); *Pena v. Aldi*, 2019 WL 2193465, at *7 (D. Conn. May 21, 2019); *Ryan v. Cty. of Nassau*, 2018 WL 354684, at *2,*3 n.1 (E.D.N.Y. Jan. 10, 2018); *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 718 (S.D.N.Y. 2017).

There are two prongs governing a conditions-of-confinement claim under the Fourteenth Amendment. *Id*. Under the first prong – the "objective prong" – a detainee must allege that "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health . . . which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (internal quotation marks and citations omitted). Under the second prong – the "*mens rea*" prong – a detainee must allege that the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison] official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Here, Holder's allegation that he fell as he descended the courthouse's wet stairs because Vertefeuille and Thompson neglected to escort him sounds in negligence. An allegation that the conduct of a prison or state official was accidental, inadvertent, or due to mere negligence, however, does not satisfy the *mens rea* prong of the Fourteenth Amendment conditions of confinement standard. *See Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.") (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process."); *Habib v. Corr. Managed*

---

*Health Care*, 2019 WL 3037081, at *6 (D. Conn. July 11, 2019) (dismissing claim asserted by a pretrial detainee that he fell off a ladder while painting an office at New Haven Correctional Center due to a the correctional officer's negligence in "leaving him unattended" in the office because the claim did not satisfy the *mens rea* prong of the Fourteenth Amendment conditions of confinement standard set forth in *Darnell*).

With regard to Holder's allegation of a denial of medical treatment, Holder contends that Thompson did not call 911 after the fall, and instead sent Holder back to Corrigan-Radgowski in the prison van to let them "handle it." Compl., Doc. No. 1, at 5  There are no allegations that medical staff members at Corrigan-Radgowski did not treat Holder for injuries that he may have sustained, nor are there allegations regarding the nature and severity of Holder's injuries. Accordingly, I cannot conclude that any marshal acted with deliberate indifference, or that Holder suffered from a serious medical need following the fall. The facts as alleged therefore do not plausibly meet either the objective or the subjective component of the Fourteenth Amendment standard. Because Holder proceeds *pro se*, however, I will permit him thirty days to file an amended complaint to assert Fourteenth Amendment claims against Thompson and Vertefeuille to the extent that he intended to do so.

**It is hereby ordered that:**

All claims against Chief State Marshal Brian Wright and the State Marshal Commission are **DISMISSED** in accordance with 28 U.S.C. § 1915A(b)(1).

The court will permit Holder thirty (30) days to file an amended complaint to assert a Fourteenth Amendment claim against the state marshals who may have been present or responsible for escorting Holder down the steps of the courthouse on April 25, 2019. I remind Holder that allegations of negligence do not amount to a claim of unconstitutional conditions of confinement or a claim of an unconstitutional deprivation of medical treatment under the Fourteenth Amendment.

In addition, for any claim related to the deprivation of medical treatment, Holder should specify the nature and degree of any injury suffered by Holder; any requests for treatment made by Holder; if and when he received treatment for any injuries from staff members at Corrigan-Radgowski; and the nature or type of treatment provided to him.

If Holder chooses not to file an amended complaint within the time specified, the court will direct the Clerk to enter judgment for defendants Wright and the State Marshal Commission and to close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of January 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge