UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KOIL DEMETROUS HOLDER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:19-cv-782 (SRU) |
| | : | |
| BRIAN WRIGHT, et al., | : | |
| Defendants. | : | |

**INITIAL REVIEW ORDER RE: AMENDED COMPLAINT**

Koil Demetrous Holder, currently incarcerated in Corrigan-Radgowski Correctional

Center ("Corrigan-Radgowski"), filed the instant action for injuries he sustained as a result of a

slip and fall while in the custody of the Connecticut State Marshals.  After I dismissed his

complaint with leave to amend, Holder filed an amended complaint, listing as defendants State

Marshal Lee Ann Vertefeville, an unnamed state marshal who was on duty during the events in

question (hereinafter, "State Marshal John Doe"), and the warden of Corrigan-Radgowski in

2019.[1]

Because Holder has failed to cure the deficiencies in the initial complaint, the complaint

is **dismissed**.

**I.      Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil

complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to

state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

---

[1] Holder has filed many documents that are titled "Amended Complaint."  For purposes of this order, I consider the most recent amended complaint (doc. no. 37) to be the operative complaint.  Although Holder has since filed a motion to amend the complaint (doc. no. 44), Holder does not articulate with specificity why he wishes to amend the complaint.  The motion is therefore denied.

who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of

the claims and the grounds upon which they are based.  *See Bell Atlantic v. Twombly*, 550 U.S.

544, 555–56 (2007).  In addition, the plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face," *Twombly*, 550 U.S. at 570, and conclusory allegations will not

suffice,  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Nevertheless, it is well-established that

"[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments

that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman*

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623

F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to pro se

litigants).

## II.    Facts[2]

On April 25, 2019, Holder appeared before a judge in state court.  *See* Am. Compl., Doc.

No. 37, at ¶ 1.  The hearing was continued, and Holder walked toward the door to go down the

stairs of the courthouse.  *See id*. at ¶ 3.  Holder saw water on the stairs, which he reported to

State Marshal John Doe.  *See id*. at ¶ 5.  At the time, Holder was restrained in handcuffs and leg

shackles, and was holding an envelop containing legal documents.  *See* Compl., Doc. No. 1, at 4.

He asked Vertefeuille to remove his cuffs so that he could break his fall in the event he slipped

on the wet floor.  *See* Doc. No. 37, at ¶ 6.  Vertefeuille told him not to worry about the water and

instructed him to go down the stairs.  *See* Doc. No. 37, at ¶ 7.

---

[2] The following facts are drawn from the original complaint (doc. no. 1) and most recent amended
complaint (doc. no. 37).

Upon walking down the stairs, Holder slipped and fell, hitting a brick wall and injuring his back. *See* Doc. No. 1, at 4; Doc. No. 37, at ¶ 8. Holder asked to see a doctor, but was told that he would have to wait until he returned to Corrigan-Radgowski. *See* Doc. No. 37, at ¶ 9. At his medical visit, Holder was informed that he had two slipped discs in his back. *See id.* at ¶ 10.

### III.    Discussion

#### A.       Claims against State Marshal Commission and Chief Marshal Brian Wright

To the extent Holder advances claims against the State Marshal Commission and Brian Wright, I dismiss those claims for the same reasons set forth in my initial review order—that is, because the State Marshal Commission does not qualify as a "person" under section 1983 and because Holder has not established that Wright was personally involved in the alleged wrongdoing. All claims against the State Marshal Commission and Wright are therefore dismissed under 28 U.S.C. § 1915A(b)(1).

#### B.       Claims against Warden of Corrigan-Radgowski

With respect to the Warden of Corrigan-Radgowski, the allegations, too, fall short. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that a plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (quoting *Iqbal*, 556 U.S. at 676). Because the complaint contains no specific allegations concerning the Warden of Corrigan-Radgowski, any claims against that defendant are therefore dismissed under 28 U.S.C. § 1915A(b)(1).

C.      **State Marshals Lee Ann Vertefeuille and John Doe**

Although Holder does not specify on which legal basis he is suing State Marshals

Vertefeuille or John Doe, I construe his complaint as asserting a claim of deliberate indifference

to Holder's health or safety against them.

Because Holder was a pretrial detainee at the time of the incident at issue, his claims

relating to conditions at the courthouse are governed by the Fourteenth Amendment rather than

the Eighth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial

detainee's claims are evaluated under the Due Process Clause because, [p]retrial detainees have

not been convicted of a crime and thus may not be punished in any manner—neither cruelly and

unusually nor otherwise.") (cleaned up).  As the *Darnell* Court articulated, a pretrial detainee

may establish a claim for deliberate indifference to conditions of confinement under the Due

Process Clause "by showing that the officers acted with deliberate indifference to the challenged

conditions." *Id.*

There are two prongs governing a conditions-of-confinement claim under the Fourteenth

Amendment.  *Id*.  Under the first prong – the "objective prong" – a detainee must allege that "the

conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his

health . . . which includes the risk of serious damage to physical and mental soundness." *Id.* at

30 (cleaned up).  Under the second prong – the "*mens rea*" prong – a detainee must allege that

the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act

with reasonable care to mitigate the risk that the condition posed to [him or her] even though the

[prison] official knew, or should have known, that the condition posed an excessive risk to health

or safety."  *Id.* at 35.

Here, the complaint alleges that Holder was fully shackled and walked down wet stairs, causing him to fall and sustain two slipped discs.  Even when reading the complaint in the light most favorable to Holder, the conditions at the courthouse did not pose an excessive risk of serious damage to his physical health, principally because there was not a high risk of him falling and sustaining serious injuries.  Walking down wet stairs—even when shackled—is not inherently dangerous, and presumably, the marshals were also walking down those same steps with Holder.  Although Holder ultimately fell and was regrettably injured, hindsight cannot inform my analysis.  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("A court must make this determination [on objective reasonableness] from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.").  The allegations are therefore insufficient to plausibly satisfy the objective element.  For that same reason, the complaint fails to sufficiently pled the subjective element—that is, that Vertefeuille and State Marshal John Doe acted with deliberate indifference.

Because the allegations fail to plausibly state a Fourteenth Amendment claim against Vertefeuille and State Marshal John Doe, the claim is dismissed, without prejudice to bringing a negligence action in state court.

## IV.    Conclusion

For the foregoing reasons, all claims against State Marshal Commission and Bright, as well as the Warden of Corrigan-Radgowski, are **DISMISSED** in accordance with 28 U.S.C. § 1915A(b)(1).  The Fourteenth Amendment claim against State Marshals Lee Ann Vertefeuille and John Doe, too, are **DISMISSED** in accordance with 28 U.S.C. § 1915A(b)(1), without prejudice to filing a negligence action in state court.  The Clerk shall close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

6