UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KOIL DEMETROUS HOLDER,<br>    Plaintiff,<br><br>       v.<br><br>BRIAN WRIGHT, et al.,<br>    Defendants. | No. 3:19-cv-782 (SRU) |

# ORDER

In May 2019, Koil Demetrous Holder, proceeding *pro se*, filed this case pursuant 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Put simply, Holder alleged that, in April 2019, while he was a pretrial detainee, "he was injured when he fell down [a flight of] stairs while in the custody of Connecticut State Marshals." IRO, Doc. No. 12, at 1. On initial review in January 2020, I dismissed Holder's complaint, but I gave him 30 days to file an amended complaint. *See id.* at 8.

Holder did not file that amended complaint, and so, on April 13, 2020, I directed the Clerk to close the case and to enter judgment in favor of the defendants. *See* Order, Doc. No. 13. Judgment did not enter for the defendants until July 29. *See* Judgment, Doc. No. 14.

Nine months later, on April 8, 2021, Holder made a motion to reopen the case and a motion to file an amended complaint. *See* Mot. to Reopen and File Am. Compl., Doc. No. 15. On May 3, I granted that motion and directed Holder to file an amended complaint by June 3. *See* Order, Doc. No. 21.[1] In the two-plus months following my May 3 order, Holder made over 20 filings, which are summarized in the following table.

| Doc. # | Date | Filing |
|---|---|---|
| 26 | May 5 | Motion for leave to proceed *in forma pauperis* |

---

[1] Between April 8 and May 3, Holder also made several other motions—for an evidentiary hearing (doc. no. 16), for appointment of counsel (doc. no. 17), to appeal (doc. no. 20), and for a settlement agreement (doc. no. 19)—that I denied on May 3. *See* Orders, Doc. Nos. 22–25.

| 27 | May 5 | Motion for a settlement hearing |
| --- | --- | --- |
| 30 | May 19 | Amended complaint |
| 31 | May 19 | Motion to appoint counsel |
| 32 | May 19 | Motion to appoint counsel |
| 33 | May 21 | Amended complaint |
| 34 | May 24 | Motion to "reclaim" |
| 35 | May 26 | Objection to judgment |
| 36 | May 26 | Amended complaint |
| 37 | May 26 | Amended complaint |
| 38 | June 3 | Motion for a speedy trial |
| 39 | June 10 | Motion to "reclaim" |
| 40 | June 16 | Motion to reargue or reconsider |
| 41 | June 24 | Motion to reargue or reconsider |
| 42 | June 28 | Motion for a "summit of a judgement hearing and trial" |
| 43 | July 8 | Motion for a settlement agreement hearing |
| 44 | July 6 | Motion for reconsideration of reamended complaint |
| 45 | July 6 | Motion to reargue or reconsider |
| 46 | July 14 | Motion for pretrial judgment hearing |
| 47 | July 21 | Motion for status conference |
| 48 | July 22 | Motion for "summitt for judgment" |

On August 3, 2021, I issued a second initial review order. *See* IRO, Doc. No. 49. I dismissed Holder's amended complaint because it "failed to cure the deficiencies in the initial complaint." *See id.* at 1.[2] I drew the facts from both Holder's most recently-filed amended complaint (doc. no. 37) and his initial complaint (doc. no. 1). *See id.* at 2 n.2. Even though Holder had filed a motion "for reconsideration of reamended complaint" that actually included, as an attachment, a proposed amended complaint, I denied Holder's motion because Holder did not "articulate with specificity why he wishes to amend the complaint." *See* Mot., Doc. No. 44; IRO, Doc. No. 49, at 1 n.1. *Id.* Indeed, my decision clearly benefitted Holder: His proposed amended complaint was less than one page long and contained no factual allegations whatsoever. *See* Proposed Am. Compl., Doc. No. 44-1. Thus, by definition, Holder's proposed amended complaint asserted an implausible claim. In contrast, Holder's initial complaint and most

---

[2] I dismissed Holder's "Fourteenth Amendment claim against State Marshals Lee Ann Vertefeuille and John Doe . . . without prejudice to filing a negligence action in state court." *Id.* at 5.

2

recently-filed amended complaint both alleged facts that formed the basis for Holder's claim. *See* Compl., Doc. No. 1; Am. Compl., Doc. No. 37.  By relying on those two pleadings, I construed this case in the light most favorable to Holder.

Since I issued my second initial review order, Holder has made several more filings.  On August 9, Holder filed a motion "to reargue or reconsider initial review order and [] to amend order."  *See* Mot., Doc. No. 50.  In that motion, Holder claims that he "never got notification of a motion to amend" and was "under doctor care for mental health issues."  *Id.*  Holder also mentions that "the court cannot consider deny this motion to amend until it determines whether it has jurisdiction over this matter."  *Id.* at 2.  Also on August 9, Holder filed a notice of appeal.  *See* Notice of Appeal, Doc. No. 51.  In that notice, Holder requests "a hearing on the order and a motion for reargue and or reconsider because of the court jurisdiction so I request appeal 1) denial for motion to amend 2) and motion to reargue or reconsider."  *Id.* at 1.  Along with that notice of appeal, Holder filed a motion to proceed *in forma pauperis* on appeal.  *See* Mot. for IFP, Doc. No. 52.[3]  The same day (August 9), the Clerk certified the record in this case for appeal.  *See* Clerk's Certificate, Doc. No. 54.  On August 11, the Second Circuit issued an initial notice of stay of appeal because "at least one motion cited in FRAP 4(a)(4) has been filed in the district court."  Notice of Stay, Doc. No. 55.

Also on August 11, Holder filed two more motions.  The first was a motion to "reopen claim."  Mot., Doc. No. 56.  In that motion, Holder complains that "Judge Stefan do not have juris triction over denying and closeing claim."  *Id.*  The second was a motion "to appeal order

---

[3]    Holder's "notice of appeal" and "motion to proceed *in forma pauperis*" are, in fact, exactly the same submission.  *Compare* Notice of Appeal, Doc. No. 51 *with* Mot. for IFP, Doc. No. 52.  In both instances, Holder completed a Connecticut Superior Court form titled "application for waiver of fees, costs and expenses and appointment of counsel on appeal."  The Clerk has apparently treated one of Holder's filings as a notice of appeal and the other as a motion to proceed *in forma pauperis* on appeal.

denying motion to amend." Mot., Doc. No. 57.  In that motion, as in so many of his others, Holder merely argues that his case has merit. *See id.*

On August 16, Holder made two more filings.  The first was an "objection" to my initial review order regarding Holder's amended complaint. *See* Obj., Doc. No. 58.  In that objection, Holder again simply claims that my ruling was incorrect. *See id.* at 1.  Holder also filed a "motion for request to proceed with trial." Mot., Doc. No. 59.  There, Holder asks that he be allowed to proceed to trial in this case. *See id.* at 1.  And on August 19, Holder made a "motion to reargue or reconsider motion to amend," in which Holder again asks me to reconsider my prior rulings. *See* Mot., Doc. No. 60.

I **deny** all of Holder's pending motions.  In his August 9 motion "to reargue or reconsider," doc. no. 50, Holder argues that I may not have jurisdiction over this action.  I surely do:  This case arises under federal law—42 U.S.C. § 1983. *See* Compl., Doc. No. 1, at 2 (jurisdiction section).  In addition, to the extent that Holder asks me to reconsider my initial review order, I decline to do so.  "The standard for granting [] a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).  Holder has not pointed to any information or law that calls into question any portion of my initial review order.[4]

Holder's motion to proceed *in forma pauperis* on appeal, doc. no. 52, is also denied.  "A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may

---

[4] I also point out that, although Holder's motion mentions a "motion to amend," Holder quite clearly does not ask me to permit him to amend his complaint again.  Instead, he challenges my decision to dismiss his case and to deny his duplicative and unhelpful motion to amend his complaint.  As described above, when I denied Holder's motion to amend his complaint, that decision redounded to Holder's benefit.

proceed on appeal *in forma pauperis* without further authorization." Fed. R. App. P. 24(a)(3). Holder was proceeding *in forma pauperis* in this action. *See* Order, Doc. No. 10. Thus, there is no need for Holder to refile a motion to proceed *in forma pauperis*. Although I may prevent Holder from filing his notice of appeal *in forma pauperis* if I certify "that the appeal is not taken in good faith" or that Holder "is not otherwise entitled to proceed *in forma pauperis*," I decline to make that certification in this case. Fed. R. App. P. 24(a)(3)(A). Although I do not believe that Holder is likely to succeed on appeal, I do not conclude that his appeal is not taken in good faith.

I also deny Holder's August 11 motions. I deny Holder's motion to "reopen claim," doc. no. 56, because its only argument is that I lack jurisdiction over this case. As described above, that is incorrect. I also deny Holder's motion "to appeal order denying motion to amend." Mot., Doc. No. 57. I decline to reconsider my ruling for the reasons already stated above, and, in any event, Holder has already filed a notice of appeal.

Finally, I deny Holder's August 16 and August 19 motions. In his objection, doc. no. 58, which I construe as a motion for reconsideration, Holder merely argues that I got it wrong. So construed, I deny Holder's August 16 motion for reconsideration: I will not reconsider my ruling for the reasons I have already given. For the same reasons, I deny Holder's August 19 motion, doc. no. 60, which asks me to "to reargue or reconsider" my prior rulings. And Holder is not entitled to a trial in this matter because I have already dismissed it. Thus, his motion to proceed with trial, doc. no. 59, is denied.

So ordered.

Dated at Bridgeport, Connecticut, this 23d day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge